**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

IN RE:

*EX PARTE* APPLICATION TO TAKE DISCOVERY
FOR USE IN A FOREIGN PROCEEDING UNDER
28 U.S.C. § 1782 BY:


**AMAZON AGRI BIOTECH HK LTD.**

10/F YF LIFE TOWER
33 LOCKHART ROAD
WANCHAI, HONG KONG

*Petitioner.*

Misc. Action No.


**DECLARATION OF GUSTAVO PEREIRA DEFINA IN SUPPORT OF APPLICATION
TO TAKE DISCOVERY FOR USE IN A FOREIGN
PROCEEDING UNDER 28 U.S.C. §1782**

# LΛURE

ADVOGADOS

UNITED STATES DISTRICT COURT


IN RE EX PARTE APPLICATION OF AMAZON AGRI BIOTECH HK LTD..

*Petitioner,*

For an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for use in Contemplated Proceedings in the Federative Republic of Brazil.

## DECLARATION OF GUSTAVO PEREIRA DEFINA IN SUPPORT OF *EX PARTE* APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

I, the undersigned, **GUSTAVO PEREIRA DEFINA**, attorney at the law firm of **LAURE DEFINA ADVOGADOS,** Av. Costabile Romano, 957, 14096-380, Ribeirão Preto, State of São Paulo, Brazil, under oath and penalty of perjury, pursuant to 28 U.S.C. § 1746, and duly authorized, declare the following:

1. I am over the age of 18 and the facts set forth herein are based on my own personal knowledge, on information provided to me by others, or from my involvement with the case that is at issue before this Court. Where facts are within my personal knowledge, I can affirm that they are true. Where the information is provided to me by others, I state the source of my knowledge and affirm it is true to the best of my information and belief.

2. I am the founding partner of LAURE DEFINA ADVOGADOS. My firm represents LONGPING HIGH-TECH BIOTECNOLOGIA LTDA. ("LongPing") in a criminal investigation currently pending in Brazil: Preliminary Investigation Procedure No. 6820816/2025 (the "Foreign Criminal Investigation"). This investigation concerns criminal offenses arising from a complex cyber-fraud scheme ultimately affecting LongPing's parent company, AMAZON AGRI BIOTECH HK LTD. ("Amazon HK").

3. As a brief introduction, I obtained my law degree from UNAERP and specialized in Criminal Law. I was admitted to practice law in Brazil in 1999, and my practice includes a full range of complex criminal investigations and litigation matters.

# LAURE

## ADVOGADOS

4. I submit this declaration in support of the Application of Amazon HK, on behalf of itself and its wholly owned indirect Brazilian subsidiary LongPing (collectively, "Petitioner") for an Order, pursuant to 28 U.S.C. § 1782, authorizing discovery to be produced by certain U.S. banks that maintain customer accounts into which funds paid by Petitioner were diverted in furtherance of an international cyber-fraud scheme. As explained below, the discovery obtained by these applications is for use in criminal investigation proceedings pending before governmental authorities in Brazil.

## I. THE FOREIGN CRIMINAL INVESTIGATION IN BRAZIL AND ITS CONNECTION TO THE GLOBAL FRAUD SCHEME

5. The foreign criminal investigation—initially identified as Preliminary Investigation Proceeding No. 6820816/2025 and currently as Police Inquiry No. 5003582-17.2026.4.03.6102— is a criminal investigative proceeding that began with the Civil Police of the State of São Paulo, Brazil, and is now being processed within the Federal Court system due to the transnational nature of the acts involved. This investigation concerns a sophisticated cyber-fraud scheme that originated in Brazilian territory and ultimately resulted in substantial financial loss for Petitioner.

6. The scheme began with the unauthorized intrusion into an electronic device belonging to a LongPing employee located in Brazil. This act triggered a series of events that led to a fraudulent financial transfer in the amount of USD 20,499,229.79. Although the initial police report, registered on October 30, 2025, referenced both Unauthorized Computer Intrusion (Article 154-A of the Brazilian Criminal Code) and Fraud (Article 171 of the Brazilian Criminal Code), the primary focus of the Brazilian authorities, consistent with principles of territoriality, is directed particularly at the Unauthorized Computer Intrusion and the preparatory acts of Fraud that occurred within Brazil.

7. The financial transaction, representing the consummation of the fraud, occurred outside Brazil, specifically the transfer of USD 20,499,229.79 from an Amazon HK account located in China and to an account in the name of Shellhart Transports, LLC ("ST LLC") at Truist Bank Inc. ("Truist Bank") located in the United States. Petitioner has no evidence to suggest any portion of the funds from this specific fraudulent transfer transited through Brazilian territory. Nevertheless, the Brazilian investigation seeks to uncover the full chain of events giving rise to the financial loss incurred by Petitioner, from the initial intrusion into the electronic device in

Av. Costábile Romano, 957   Ribeirânia   CEP 14.096-380   Ribeirão Preto - SP
+55 16 2111-5400   www.laureadvogados.com.br

# LAURE

## ADVOGADOS

Brazil to wherever the fraudulently diverted funds and/or the perpetrators of the international cyber-fraud scheme are presently located.

8. The Foreign Criminal Investigation was initiated as follows: a. On October 30, 2025, immediately upon identification of the fraud, a criminal report was filed with the Civil Police of Cravinhos, State of São Paulo. b. Simultaneously, an official communication was submitted to the Federal Police through its electronic system under Protocol No. 2025.10.30.145426.311. c. Following an initial jurisdictional assessment, the matter was formally presented on November 5, 2025, to the Ribeirão Preto Sectional Police Department before a Police Chief specialized in cybercrimes, who then initiated Preliminary Investigation Procedure No. 6820816/2025.

9. Several investigative measures have already been undertaken in the course of the Foreign Criminal Investigation: a. On November 25, 2025, the Police Intelligence Center issued an official request to "NAMECHEAP" seeking the disclosure of registration data and connection logs for purposes of identifying those responsible for the intrusion and tracing the fraudulent scheme. b. On November 28, 2025, electronic devices (both personal and corporate) associated with LongPing's Financial Director, RICARDO EGUCHI, were delivered to the Civil Police and seized for forensic imaging. The devices were imaged and returned on December 9, 2025, and the forensic examination by the Scientific Police remains ongoing. c. On July 15, 2026, to assist in the continuation of the investigations, my firm presented the Brazilian Federal Court with information and documents that had been obtained by Petitioner from Truist Bank (all such information and documents, the "Truist Discovery") in response to a subpoena authorized by the United States District Court for the Northern District of Georgia ("Georgia Court").

10. The principal objective of the Foreign Criminal Investigation is to identify the perpetrators of the computer intrusion and the Brazilian stages of the fraud, as well as to determine the full scope of the global financial scheme, with a view toward potential criminal accountability and a comprehensive understanding of the *modus operandi* employed.

## II. THE CRITICAL NATURE OF THE EVIDENCE SOUGHT FOR THE FOREIGN CRIMINAL INVESTIGATION

11. On March 31, 2026, Petitioner filed an application pursuant to 28 U.S.C. § 1782 to subpoena Truist Bank, ST LLC and Jana Shellhart (the purported owner and registered agent of r ST LLC) for documents and information about Petitioner's fraudulently diverted funds for use in

Av. Costábile Romano, 957    Ribeirânia    CEP 14.096-380    Ribeirão Preto - SP
+55 16 2111-5400    www.laureadvogados.com.br

# LAURE

## ADVOGADOS

the Foreign Criminal Investigation in Brazil. In support of that application, I submitted a sworn declaration to the Georgia Court similar to this one. On May 11, 2026, the Georgia Court granted the application. Shortly thereafter, Petitioner issued a subpoena to Truist Bank, and beginning in June 2026 Truist Bank produced the Truist Discovery to Petitioner. Among other things, the Truist Discovery indicates that, out of the USD 20,499,229.79 fraudulently diverted from Petitioner into the ST LLC account at Truist Bank, a. USD 3,500,000.00 was transferred from Truist Bank to an account in the purported name of LO APEX CONSTRUCTION LLC ("Lo Apex") at a TD BANK NA branch located in Maine ("TD Bank"), b. USD $1,867,502.00 was transferred from Truist Bank to an account in the purported name of TIGA CODE INC. ("Tiga Code") at a GRASSHOPPER BANK NA branch located in New York ("Grasshopper Bank"), and c. USD 650,000.00 was transferred from Truist Bank to an account in the purported name of PRIMEFIX SOLUTIONS LLC ("Primefix Solutions" and, together with Lo Apex and Tiga Code, the "Account Holder Respondents") at a CITIBANK NA branch located in Delaware ("Citibank" and, together with TD Bank and Grasshopper Bank, the "Bank Respondents") (the Account Holder Respondents and the Bank Respondents, collectively, the "Respondents").

12. In light of these developments, Petitioner intends to submit additional applications pursuant to 28 U.S.C. § 1782 for authorization by the appropriate United States District Courts to subpoena the Respondents for information and documents concerning the Account Holder Respondents and the activity in their accounts at the Bank Respondents potentially evidencing the international cyber-fraud scheme, including but not limited to the receipt of and any subsequent transfers involving Petitioner's funds. The additional evidence to be requested in the United States—specifically information regarding account holders and financial transactions related to the fraudulent transfer—is fundamental to the progress and effective conclusion of the foreign criminal investigation in Brazil.

13. Although the primary financial loss was incurred by Amazon HK, the parent company of LongPing, the information maintained by the Respondents located in the United States is essential to the Brazilian investigation for the following reasons: a. Identification of Perpetrators. Information regarding the beneficiaries of the fraudulent transfer may directly lead to the identification of the individuals responsible for the unauthorized intrusion into the computers in Brazil and for the initial stages of the fraud, thereby establishing the causal link between the criminal acts. The 2019 Manual on International Legal Cooperation in Criminal Matters (the "2019 Manual") emphasizes the importance of demonstrating the "connection between the facts under investigation, the responsible parties, indicia of authorship, and the evidence sought" when

Av. Costábile Romano, 957   Ribeirânia   CEP 14.096-380   Ribeirão Preto - SP
+55 16 2111-5400   www.laureadvogados.com.br

# L∧URE

ADVOGADOS

requesting banking information (2019 Manual, Item 3.2.3.3, p. 31), reinforcing the necessity of a clear causal nexus. b. Understanding the *Modus Operandi*. Detailed information concerning the financial transactions involving the Account Holder Respondents and/or their accounts with the Bank Respondents will enable the Brazilian authorities to fully understand the scope and sophistication of the criminal scheme that originated in Brazil. c. Asset Tracing and Recovery. Although recovery of the USD 20,499,229.79 is a primary objective of Amazon HK, the Brazilian investigation substantially benefits from tracing these funds, as doing so contributes to potential repatriation or asset recovery efforts—an essential objective of international legal cooperation as recognized by the 2019 Manual (2019 Manual, Item 3.2.3.6, p. 34). d. Reparation of Damages. Under Brazilian law, a victim of a criminal offense, including unauthorized intrusion into a computer system and the initial stages of fraud, is entitled to seek reparation for damages. Evidence of the fraudulent financial transfers, even if executed abroad, is essential to quantify the total loss and to support future civil and criminal proceedings aimed at recovering assets for the affected corporate group.

14. All of the Respondents are outside the direct jurisdiction of Brazilian authorities and are believed to possess relevant (and potentially crucial) information regarding additional participants in the fraudulent scheme and to whom and to where portions of the fraud proceeds were transferred.

**III. ADMISSIBILITY OF FOREIGN EVIDENCE UNDER BRAZILIAN LAW**

15. Brazilian law expressly recognizes and provides mechanisms for the admissibility of evidence obtained abroad through international legal cooperation. The Brazilian framework governing international legal cooperation emphasizes that such cooperation constitutes an essential instrument through which States may request administrative or judicial measures for proceedings within their own jurisdiction (2019 Manual, Item 1.3, p. 7).

16. The Brazilian Central Authority, exercised by the Department of Asset Recovery and International Legal Cooperation (Departamento de Recuperação de Ativos e Cooperação Jurídica Internacional – "DRCI"), plays a fundamental role in this process. The proper channeling of a request for international legal cooperation through the Central Authority "confers legality upon the measure obtained, as it guarantees its integrity and authenticity, enabling its use as valid evidence in judicial proceedings" (2019 Manual, Item 2.1, p. 13). This principle equally applies

Av. Costábile Romano, 957   Ribeirânia   CEP 14.096-380   Ribeirão Preto - SP
+55 16 2111-5400   www.laureadvogados.com.br

# LΛURE

## ADVOGADOS

to the receipt of foreign evidence, ensuring its validity within Brazil.

17. Brazil is a signatory to numerous international cooperation treaties and also cooperates on the basis of reciprocity (2019 Manual, Item 2.3.3, p. 17). The taking of evidence is expressly contemplated as one of the modalities of international legal cooperation (2019 Manual, Item 1.4.3, p. 9).

18. Evidence obtained through a subpoena issued in the United States (such as account records maintained by the Bank Respondents concerning the fraudulent financial transactions) would be formally incorporated into the Foreign Criminal Investigation (Preliminary Investigation Procedure No. 6820816/2025) through the established procedures governing international legal cooperation, including direct assistance or a similar mechanism that preserves the chain of custody. Once duly translated into Portuguese by a sworn translator, in accordance with standard Brazilian legal practice applicable to foreign documents, such evidence would be included in the official case file. The evidence would then be analyzed by the competent police authority and by the Public Prosecutor's Office for purposes of advancing the identification of the perpetrators of the computer intrusion and fraud (with respect to their Brazilian stages), tracing the origin and destination of the diverted funds, and consolidating proof of the overall *modus operandi* of the fraudulent scheme. Accordingly, evidence obtained abroad is fundamental to the progress and ultimate conclusion of the Brazilian investigation.

## IV. LACK OF DIRECT BRAZILIAN JURISDICTION AND LIMITATIONS ON THE OBTAINING OF EXTRATERRITORIAL EVIDENCE

19. Each of the Respondents is domiciled, incorporated and otherwise located in the United States, and therefore is not subject to the direct jurisdiction of Brazilian police or judicial authorities for the compulsory production of banking information maintained in the United States in the context of an investigation concerning computer intrusion and fraud. The judicial sovereignty of each State limits the actions of its authorities to their respective territories, rendering international legal cooperation the legitimate mechanism for requesting measures beyond national borders (2019 Manual, Item 1.3, p. 7).

20. Due to procedural limitations and the absence of direct extraterritorial jurisdiction, Brazilian authorities lack the legal means to compel any of the Respondents to provide such information and documents directly to the Brazilian investigation. The complexity of international

Av. Costábile Romano, 957    Ribeirânia    CEP 14.096-380    Ribeirão Preto - SP
+55 16 2111-5400    www.laureadvogados.com.br

# LAURE

## ADVOGADOS

cooperation mechanisms, such as letters rogatory or direct assistance, which require processing through the Central Authorities and adaptation to the law of the requested State, as described in the 2019 Manual (Item 3.2.1, p. 27), further underscores the impracticability of direct and informal collection. Consequently, the issuance of subpoenas in the United States constitutes the appropriate and necessary channel to obtain essential evidence that would otherwise remain inaccessible to the Brazilian investigation.

21. Moreover, based on common practice and operational limitations within the Brazilian legal system, Brazilian authorities frequently face budgetary and procedural constraints that significantly limit their ability to seek the collection of evidence directly from targets located abroad, particularly where the financial consummation of the fraud occurred outside Brazilian territory. This reality further justifies the present Application for judicial assistance pursuant to 28 U.S.C. § 1782.

## V. COMPLIANCE WITH BRAZILIAN LAW AND COMMITMENT TO REVIEW OF THE SUBPOENA

22. The use of a judicial subpoena in the United States to obtain banking information related to the financial fraud suffered by Amazon HK, which originated from a computer intrusion and fraud in Brazil affecting LongPing, is fully consistent with the principles of Brazilian procedural law. It does not constitute an attempt to circumvent Brazilian law or judicial procedures. To the contrary, international legal cooperation, as outlined in the 2019 Manual, is a fundamental pillar for the effectiveness of justice in a transnational context (2019 Manual, Introduction and Item 1.3, p. 7).

23. Brazilian law contains no provisions or principles that would preclude the use of evidence obtained through instruments of international legal cooperation, such as a subpoena issued by a foreign court, provided that the applicable legal formalities are observed (including sworn translation and validation, where required) for its incorporation into Brazilian proceedings. The proper channeling of international cooperation ensures the integrity and authenticity of the measure obtained, thereby enabling its use as valid evidence in judicial proceedings (2019 Manual, Item 2.1, p. 13). The principle of specialty, which restricts the use of evidence to the proceeding for which it was requested, governs its subsequent use and does not prevent its lawful acquisition or initial admissibility (2019 Manual, Item 2.3.2, p. 16).

# LAURE

## ADVOGADOS

24. I confirm that, prior to the finalization and submission of the subpoena in the United States, I, or another qualified attorney at my firm, will review the proposed subpoena to ensure that it seeks only information that is relevant and necessary to the Brazilian criminal investigation concerning computer intrusion and fraud, as well as its connection to the financial fraud suffered by Amazon HK, thereby avoiding what international legal cooperation practice characterizes as a "fishing expedition," as cautioned in the 2019 Manual (Item 3.2.4, p. 36).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 03 day of August, 2026, in Ribeirão Preto, State of São Paulo, Brazil.

By:_____

GUSTAVO PEREIRA DEFINA - OAB/SP 168.557

Av. Costábile Romano, 957   Ribeirânia   CEP 14.096-380   Ribeirão Preto - SP
+55 16 2111-5400   www.laureadvogados.com.br